UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 08-10309-MLW |
| MICHELLE ROBINSON | ) ) ) | |

### UNITED STATES' MOTION FOR RECONSIDERATION

The United States, by its undersigned counsel, hereby requests that the Court reconsider portions of its Order, dated February 23, 2009 (Dkt. #72) (the "Order"), and requests leave to submit further briefing on the issue after it has an opportunity to review the transcript of the Court's comments and to research the attendant issues.

The United States notes that certain aspects of the Order appear to be in tension with the Court's comments at the sentencing hearing on February 20, 2009, and the government's understanding of those comments. Moreover, some of the procedures outlined in Paragraphs 2, 3 and 4 of the Order raise significant questions, both as to practicability and as to the Court's authority to direct the practices of executive branch agencies in the use, handling and dissemination of information that is sensitive and confidential, but that is not subject to any legal restriction (unlike, for example, material governed by Rule 6(e) of the Federal Rules of Criminal Procedure, electronic surveillance information governed by 18 U.S.C. §2517, or classified information).

The practical issues arise primarily with respect to Paragraphs 2 and 3 of the Court's order. The permitted uses described in Paragraph 2 appear to be unduly narrow. For example, it may well be appropriate to permit disclosure of the victim's identity in a variety of settings not contemplated by the Order (for example, if the victim were to be called as a witness in a wholly

unrelated case arising from allegations of wrongdoing in connection with a business transaction). Similarly, the requirement in Paragraph 3 that any individual to whom the victim's name is disclosed must, in turn, be bound to secrecy and required to sign an affidavit, may be unworkable if – in the course of an investigation – it becomes necessary to disclose the victim's name to a civilian witness. In this regard, Paragraph 3 is significantly more restrictive than, for example, Rule 6(e).

With respect to the Court's authority to direct the procedures to be followed by law enforcement with respect to the protection of victim privacy, the United States wishes to raise several concerns. First, the Order appears to be in some tension with the Court's comments at the hearing on February 20, 2009, which suggested that the question of the Court's authority could properly be reserved until such time as there is an apparent violation of its Order. By requiring recipients of information to sign an affidavit acknowledging "that a wilful violation of it may be deemed a criminal and/or civil contempt," the Order appears to foreclose any opportunity to challenge the validity of the Order itself.

Second, the Order appears to go beyond the ordinary exercise of protective or ancillary jurisdiction to protect the Court's rulings. It imposes on federal officials a duty of confidentiality, and procedures for maintaining confidentiality, beyond those required by the Victim Witness Protection Act, 18 U.S.C. §3771(c)(1), which explicitly entrusts to the discretion of the government the determination of what are appropriate "best efforts" to protect the right of a victim to be treated "with respect for the victim's dignity and privacy." See 18 U.S.C. §§3771(a)(8), (c)(1) ("best efforts" requirement) & (d)(6) ("Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction").

The United States requests that it be afforded sufficient time to obtain a transcript of the sentencing hearing on February 20, 2009, and to research the issues of law – which appear to be matters of first impression – raised by the Order.

To that end, the United States requests that it be permitted to submit further briefing on or before March 16, 2009.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

dated:  February 24, 2009

                                    By: */s/ Paul G. Levenson*
                                          PAUL G. LEVENSON
                                          Assistant U.S. Attorney
                                          John Joseph Moakley United States Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3147

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  February 24, 2009

                                          */s/ Paul G. Levenson*
                                          PAUL G. LEVENSON