```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2
     _____
 3
     UNITED STATES OF AMERICA,
 4
                        Plaintiff,      Criminal Action
 5                                      No. 08-10309-MLW
     v.
 6                                      November 12, 2008
     MICHELLE ROBINSON,                 3:06 p.m.
 7
                        Defendant.
 8   _____

 9

10

11                    TRANSCRIPT OF ARRAIGNMENT

12          BEFORE MAGISTRATE JUDGE ROBERT B. COLLINGS

13                  UNITED STATES DISTRICT COURT

14                 JOHN J. MOAKLEY U.S. COURTHOUSE

15                       1 COURTHOUSE WAY

16                       BOSTON, MA   02210

17

18

19

20
               DEBRA M. JOYCE, RMR, CRR, FCRR
21                  Official Court Reporter
                 John J. Moakley U.S. Courthouse
22                1 Courthouse Way, Room 5204
                      Boston, MA   02210
23                  joycedebra@gmail.com

24

25
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:

 3   MARK D. SMITH, ESQ.
     Laredo & Smith, LLP
 4   101 Federal Street, Suite 650
     Boston, MA 02110
 5   617-443-1100

 6   FOR THE DEFENDANT:

 7   JAMES P. DOWDEN, ESQ.
     Ropes and Gray
 8   800 Boylston Street
     Prudential Tower
 9   Boston, MA 02219
     617-748-3334
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2             (The following proceedings were held in open
 3   court before Magistrate Judge Robert B. Collings, United States
 4   District Court, District of Massachusetts, at the John J.
 5   Moakley United States Courthouse, 1 Courthouse Way, Boston,
 6   Massachusetts, on November 12, 2008.
 7             The defendant, Michelle Robinson, is present with
 8   counsel.  The Assistant U.S. Attorney is present.)
 9             THE CLERK:  Case of United States v. Michelle
10   Robinson, criminal action number 08-10309, will now be heard
11   before this Court.
12             Counsel please identify themselves for the record.
13             MR. DOWDEN:  Good afternoon, your Honor.  James Dowden
14   on behalf of the United States.
15             THE COURT:  Good afternoon.
16             MR. SMITH:  Good afternoon, your Honor.  Mark Smith
17   for Michelle Robinson.
18             THE COURT:  Good afternoon.
19             Is your client ready to be arraigned, Mr. Smith?
20             MR. SMITH:  Yes, she is.
21             THE COURT:  All right.  Ms. Robinson, if you'd please
22   stand.
23             Have you received a copy of the indictment?
24             THE DEFENDANT:  Yes.
25             THE COURT:  You understand what you're charged with?
```

1              THE DEFENDANT:  Yes.
2              THE COURT:  Have you had an opportunity, at least
3     preliminarily, to discuss the charge with Mr. Smith so that
4     you're able to enter a plea when I call upon you?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you wish me to read the indictment in
7     its entirety?
8              THE DEFENDANT:  Yes.
9              MR. SMITH:  We'll waive the reading, your Honor.
10             THE COURT:  All right.  Thank you.
11             Michelle Robinson, to Count One, charging on August
12    11, 2008, you, with intent to extort from a person, did
13    transfer in interstate commerce communications containing a
14    threat to injure the reputation of another, in violation of
15    Title 18, United States Code, Section 875(d).  What say you,
16    ma'am, are you guilty or not guilty?
17             THE DEFENDANT:  Not guilty.
18             THE COURT:  To each of Counts Two and Three, charging
19    that on July 24, 2008, you, having devised and intended to
20    devise a scheme and artifice to defraud and for obtaining money
21    and property by means of false pretenses and for the purpose of
22    executing such scheme to transmit and cause to be transmitted
23    by means of wire communication in interstate commerce two
24    monetary transfers, in violation 18, United States Code,
25    Section 1343, what say you each of Counts Two and Three, are

```
 1  you guilty or not guilty?
 2          THE DEFENDANT:  Not guilty.
 3          THE COURT:  Thank you, Ms. Robinson.  You may be
 4  seated.
 5          This case will proceed pursuant to the rules which
 6  became effective on September 1, 1998, unless the defendant,
 7  within 14 days, files a waiver of the 14, 28, and 42-day period
 8  specified in the rules begin to run today.  And I'll set the
 9  final status -- initial status conference about 45 days -- 42
10  days hence.  Let me just see when I can do that.
11          That's going to bring us over into early January.
12          Monday, January 12th at 2:15.  How is that for
13  everyone?
14          MR. DOWDEN:  That's fine for the government, your
15  Honor.
16          MR. SMITH:  That's fine for Ms. Robinson.
17          THE COURT:  Okay, thank you.
18          All right.  Give me a moment to read the pretrial
19  officer's memorandum of October 29th, please.
20          (Pause.)
21          THE COURT:  All right.  I'll hear you, submit, on your
22  motion.
23          MR. SMITH:  Yes, thank you, your Honor.
24          We just have one point in our motion, and that is,
25  according to the written detention order entered by the Court I
```

1  think on the 27th of September, the very last sentence of part
2  2, the Court found that absent a third-party custodian who
3  would be with the defendant at all times on release, there are
4  no conditions or combination which would reasonably assure the
5  defendant would not flee.
6         We have proffered my client's younger sister, her name
7  is Monique Wilkinson.  She's here today in court.  She met with
8  Pretrial Services as a potential third-party custodian for the
9  Court.
10        THE COURT:  All right, thank you.
11        Do you have any other evidence to present on your
12 motion to reconsider, Mr. Smith?
13        MR. SMITH:  No, not at this time, your Honor.
14        THE COURT:  All right.
15        Mr. Dowden?
16        MR. DOWDEN:  Your Honor, the government continues to
17 believe that Ms. Robinson poses substantial risk of flight and
18 non-appearance at future proceedings.
19        As we noted in our initial argument, in previous tapes
20 Ms. Robinson has made it abundantly clear that she was leaving
21 town, she was out of here.  And previous tapes have also
22 offered that she had access to $280,000 cash that was paid to
23 her.
24        The government continues to have those concerns.  In
25 fact, the government is ready to proffer to the Court some

1   tapes which would suggest that Ms. Robinson still has access to
2   some substantial form of cash.
3           Additionally, your Honor, the government does continue
4   to have concerns about the proffered custodian here,
5   Ms. Wilkinson, her younger sister.  Pretrial Services noted
6   that she's a much younger sister.  And the government also
7   believes there are some concerns with respect to Ms. Monique
8   Wilkinson's suitability with respect to her ability to be
9   responsible, perhaps prior drug use and similar issues.  To the
10  extent the Court would wish to hear evidence on that, we're
11  happy to play some tapes for you.
12          THE COURT:  All right.  Go ahead, I'll hear the
13  evidence.
14          MR. DOWDEN:  Okay.
15          MR. SMITH:  Just so I could ask, are we presenting
16  evidence on the third-party custodian or something else?
17          THE COURT:  Well, I think it's evidence, as I
18  understand it, that as -- you've developed since the detention
19  hearing, in other words, evidence that wasn't available for
20  detention hearing that goes to the risk of flight?
21          MR. DOWDEN:  Yes, your Honor.
22          THE COURT:  All right.  It's not necessarily on the
23  third-party custodian.  It goes to the overall issue before the
24  Court.
25          How old is the defendant, please?

1        MR. SMITH:  She's 26 years old, your Honor.
2        THE COURT:  Twenty-six.
3        MR. SMITH:  She's here in the courtroom today --
4        THE COURT:  I'm sorry.
5        MR. SMITH:  She's here in the courtroom.
6        THE COURT:  Oh, no, I was asking for the age of the
7   defendant.
8        MR. SMITH:  Oh, I'm sorry.  She's 29.
9        THE COURT:  Twenty-nine.  The sister is 22, according
10  to Pretrial Services.
11       MR. SMITH:  She's here today, and she tells me she's
12  26, Judge.
13       THE COURT:  Where did you get 22, Mr. Greg?
14       PRETRIAL SERVICES OFFICER:  Your Honor, that's what I
15  have in my notes.  If I'm incorrect, I apologize.
16       THE COURT:  All right.
17       Go ahead, Mr. Dowden.
18       MR. DOWDEN:  Your Honor, the first is a telephone
19  call.  These are recorded telephone calls from Ms. Robinson to
20  her sister Natasha Wilkinson.  The first telephone call is
21  dated in October of this year, and I'll play it now.
22       MR. SMITH:  Your Honor, just note my objection.  My
23  understanding of these telephone calls were made between my
24  client and her sister.  I don't believe there's any warning
25  that these were recorded calls, and they're not certainly

1    consensual, these recordings, so note my objection.
2            THE COURT:  What's the legal basis, then, for
3    recording -- I assume it's as a result of the fact that she's
4    in prison and all calls that are going in and out of the prison
5    are recorded as a matter of course.  Is that --
6            MR. DOWDEN:  That's the government's basis.  We don't
7    have additional evidence to tell the Court about signs or those
8    types of evidence about her knowledge that they're recorded
9    telephone calls, but the Court is --
10           MR. SMITH:  Just if I could add this, this is a
11   Wyatt -- this is Wyatt, which is -- my clients that are in
12   Walpole or Plymouth, there is a recorded notice that goes to
13   them.  My understanding is there are no notices or warnings of
14   any kind to the participants that these are, in fact, recorded
15   conversations, your Honor.  I would just renew my objection.
16           THE COURT:  All right.  Well, what -- well, are you
17   saying that I should not hear these?
18           MR. SMITH:  Yes.  I'm objecting.  Yes, I think that
19   that's right.
20           THE COURT:  Well, what's your -- I'm going to need
21   some basis for admitting them if, in fact, Mr. Dowden --
22   what -- what's your legal basis for admitting these?
23           MR. DOWDEN:  Your Honor, it's my understanding that
24   all phone calls are recorded at the Wyatt facility --
25           THE COURT:  No, I don't think that's the point he's

1  making.  I think the point he's making is -- I don't think he
2  disputes that they're all recorded, that's not the issue.  The
3  issue is as a matter of law when there are -- when
4  conversations between inmates and people outside are recorded,
5  is there a requirement that the inmates receive notice of that
6  before they use the phone?  And if that is a requirement, was
7  in fact that notice given in this case?
8           MR. DOWDEN:  Your Honor, I'll be frank, I did not know
9  this objection was being proffered.
10          THE COURT:  I don't think they knew you were
11 proffering the telephone calls.
12          MR. DOWDEN:  I did inform defense counsel -- I
13 provided the tapes to him last week, actually, your Honor.
14          We're happy if the government -- if the Court would
15 grant us a continuance, I'm happy to bring in additional
16 evidence to suggest that consent was given.
17          THE COURT:  I think in light of your objection, I need
18 to let him do that, Mr. Smith.
19          Do you want me to continue it -- I can either continue
20 it for a couple of days so we can get that evidence and then
21 play the tapes; I can play them -- listen to them subject to a
22 motion to strike if, in fact, he's not able to lay the legal
23 foundation that he needs for their admission.
24          What do you think I should do?
25          MR. SMITH:  Could I just have one minute, your Honor?

```
 1              THE COURT:  Sure.
 2              (Defendant conferred with counsel.)
 3              MR. SMITH:  If the Court needs a continuance, your
 4   Honor, we'd be willing to agree to that.
 5              THE COURT:  Okay.  How soon do you think you can get
 6   this evidence, Mr. Dowden?
 7              MR. DOWDEN:  Your Honor, I would ask for ten days, if
 8   that's --
 9              THE COURT:  That seems like a lot.  Let's see what my
10   schedule looks like.
11              Today's the 12th.
12              Well, I can do it next Thursday, the 20th in the
13   morning, if that -- actually, that's not --
14              Is there any reason why you can't get this by Monday,
15   the 17th?  It doesn't seem to me to be, you know, a difficult
16   thing.
17              MR. DOWDEN:  Your Honor, we can make best efforts to
18   get it by November 17th, and if we encounter --
19              THE COURT:  Let's make it in the afternoon, 2:30 in
20   the afternoon on the 17th.
21              Are you free then, Mr. Smith?
22              MR. SMITH:  Yes.  I'll change my schedule to make
23   myself available.
24              THE COURT:  Okay.  It shouldn't -- a lot of it could
25   be legal research.  I just haven't looked at the issue before,
```

1  as to, number one, if they do record them, what are the legal
2  requirements vis-a-vis the inmate?  And then once you find
3  those out, did Wyatt comply with the -- and you probably need
4  someone here from Wyatt to testify, I would think, depending on
5  what your legal research reveals, but I'll leave that up to
6  your discretion.
7          Okay?
8          MR. DOWDEN:  Your Honor, one other quick issue, the
9  government would also like the opportunity to cross-examine the
10 proffered custodian.  I'm happy to wait until the 17th --
11         THE COURT:  Well, if she's here now -- is there any
12 reason why we can't get that done, Mr. Smith, or would you
13 rather do it on Monday?
14         MR. SMITH:  Why don't we do it all on Monday.
15         THE COURT:  All right, we'll do it on Monday.
16         All right, thank you very much.
17         THE CLERK:  All rise.
18         (Court adjourned at 3:20 p.m.)
19                - - - - - - - - - - - -
20                      CERTIFICATION
21         I certify that the foregoing is a correct transcript
22 of the record of proceedings in the above-entitled matter to
23 the best of my skill and ability.
24 /s/Debra M. Joyce                    March 7, 2019
   Debra M. Joyce, RMR, CRR, FCRR      Date
25 Official Court Reporter