```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3   _____

     UNITED STATES OF AMERICA,
 4
                       Plaintiff,        Criminal Action
 5                                       No. 08-10309-MLW
     V.
 6                                       January 12, 2009
     MICHELLE ROBINSON,
 7
                       Defendant.
 8   _____

 9

10

11             TRANSCRIPT OF STATUS CONFERENCE

12         BEFORE MAGISTRATE JUDGE ROBERT B. COLLINGS

13               UNITED STATES DISTRICT COURT

14             JOHN J. MOAKLEY U.S. COURTHOUSE

15                    1 COURTHOUSE WAY

16                     BOSTON, MA  02210

17

18
     Court Reporter:
19   Proceedings recorded by electronic sound recording, transcript
     Produced by transcription service.
20

21

22              DEBRA M. JOYCE, RMR, CRR, FCRR
                    Official Court Reporter
23              John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
24                    Boston, MA  02210
                    joycedebra@gmail.com
25
```

```
 1    APPEARANCES:

 2    FOR THE GOVERNMENT:

 3    MARK D. SMITH, ESQ.
      Laredo & Smith, LLP
 4    101 Federal Street, Suite 650
      Boston, MA 02110
 5    617-443-1100

 6    FOR THE DEFENDANT:

 7    JAMES P. DOWDEN, ESQ.
      Ropes and Gray
 8    800 Boylston Street
      Prudential Tower
 9    Boston, MA 02219
      617-748-3334
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

    (The following proceedings were held in open court before Magistrate Judge Robert B. Collings, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, on January 12, 2009.)

    THE CLERK:  All rise.  The United States District Court for the District of Massachusetts is now in session, Robert B. Collings presiding.

    THE COURT:  Please be seated.

    THE CLERK:  Case of the United States v. Michelle Robinson, criminal action 08-10309, will now be heard before this Court.

    Would counsel please state your name for the record.

    MR. DOWDEN:  Good afternoon, your Honor.  James Dowden on behalf of the United States.

    THE COURT:  Good afternoon.

    MR. SMITH:  Mark Smith for Michelle Robinson.  Good afternoon.

    THE COURT:  Good afternoon.

    Sorry we're starting a little late.  I just finished impanelling a jury at 2:15.

    This is an initial status conference which I wanted to go forward with.

    Mr. Smith, you indicated to the clerk I believe that

```
 1   your client intends to plead guilty; is that correct?
 2            MR. SMITH:  She signed a plea agreement on Friday,
 3   your Honor.
 4            THE COURT:  She signed the plea agreement.
 5            MR. SMITH:  Yes.
 6            THE COURT:  I'm going to go forward with the initial
 7   status conference anyway in the event that she changes her
 8   mind, as I believe she did once before, because I don't want to
 9   delay the case.  But I will send a note to Judge Wolf
10   indicating that the defendant does intend to plead.
11            Is there any request for relief from the otherwise
12   applicable timing requirements of 116.3, Mr. Smith?
13            MR. SMITH:  No, your Honor.
14            THE COURT:  Is there going to be any experts at trial,
15   Mr. Dowden?
16            MR. DOWDEN:  Not from the government at this time,
17   your Honor.
18            THE COURT:  Are you going to have any experts if the
19   case were to go to trial, Mr. Smith?
20            MR. SMITH:  Not that I'm aware of at this time, your
21   Honor.
22            THE COURT:  Okay.
23            Do you owe the government any discovery -- excuse me,
24   do you owe the defendant any discovery, Mr. Dowden?
25            MR. DOWDEN:  Your Honor, the government believes
```

```
 1    discovery is complete.  There are some transcripts that need to
 2    be transcribed, which we've started the process.
 3              THE COURT:  I take it that Mr. Smith has heard the
 4    recordings?
 5              MR. DOWDEN:  Yes.
 6              THE COURT:  So it's just a question of transcripts?
 7              MR. DOWDEN:  Yes, I believe, so.
 8              THE COURT:  Do you owe the government any discovery,
 9    Mr. Smith?
10              MR. SMITH:  Not that I'm aware of, your Honor.  I have
11    received a rather large submission from the government, haven't
12    had a chance to review it all.
13              MR. DOWDEN:  Your Honor, one other quick thing.  There
14    is a motion pending on cell site and historical voicemails.
15    That hasn't been ruled on by the District Court yet.
16              THE COURT:  Right.  Judge Wolf has got that, and if
17    you need a decision, you should contact him, because he
18    indicated he wished to do that.
19              MR. SMITH:  Judge, given the fact that my client has
20    signed the plea agreement, I do intend to file a motion for an
21    investigation production of a pre-plea presentence report, and
22    I assume I should do that through Judge Wolf?
23              THE COURT:  Yes.
24              If the case did not result in a plea, would there be
25    any motions to dismiss or suppress, Mr. Smith?
```

```
 1            MR. SMITH:  There may be a motion to suppress.  I
 2   believe that there were search warrants executed, your Honor.
 3   I don't know the results of all of that information at this
 4   point.
 5            THE COURT:  Haven't you been given --
 6            MR. SMITH:  I don't know if the material has been --
 7   there was a cell phone that was -- I don't know if it's been
 8   searched, and I don't know if the government is going -- what
 9   they would do with that, your Honor.
10            THE COURT:  Mr. Dowden.
11            MR. DOWDEN:  Your Honor, there was, in fact, a cell
12   phone that was seized at the time of arrest.  We have provided
13   all of the search warrants as part of our automatic discovery.
14            THE COURT:  Including the returns?
15            MR. DOWDEN:  Including the returns.
16            That cell phone, your Honor, is password protected
17   based on a password at the choosing of the defendant, and we
18   have not been able to search it because of that.
19            The attempt to do so is ongoing.  If we get it, we'll
20   provide it.  If the defendant gives us the password, we'll do
21   the same.
22            THE COURT:  Okay.
23            With that do you see any need for a motion to
24   suppress?
25            MR. SMITH:  Not with what's been produced to me to
```

1  this point, your Honor.
2          THE COURT:  That is a very interesting legal issue,
3  and it's -- I know about it because it was raised before my
4  colleague, Judge Niedermeier, in the District of Vermont, where
5  there is a question as to whether compelling a person to
6  deliver the password is testimonial or that's protected by the
7  Fifth Amendment or is not, in which case it could be compelled.
8  Judge Niedermeier found that it was testimonial and could not
9  be compelled, it would violate the Fifth Amendment; and I guess
10 the government has taken an appeal to the district judge in
11 Vermont.  I think it's a fascinating issue, frankly.  But in
12 any event, it doesn't appear that the government is going to
13 want to do that.
14         I'll take care of the Speedy Trial Act.  I'll indicate
15 that a trial is not anticipated, that the case should be set
16 for a plea, and I don't think I'll set a final status
17 conference in view of -- because I think by the time I would
18 set it, the date I would set, the plea will have taken place,
19 and Judge Wolf, I'm sure, if the plea doesn't take place, will
20 send the case back to me.
21         MR. DOWDEN:  Your Honor, briefly, just on the Speedy
22 Trial Act.  The government was about to file an assented-to
23 motion that includes the excludable time.  Would that be
24 acceptable to the Court?
25         THE COURT:  Sure.

1          (Pause.)

2          THE COURT: Okay. I may have to -- okay. Let me take

3     a look at it. Certainly I'll give you the amount of time from

4     arraignment, the 28 days, that's not a problem. We're not --

5     the magistrate judge has been told by the district judge not to

6     exclude time for a plea, that doesn't prevent the district

7     judge from excluding it. I'll take a look at it.

8          MR. DOWDEN: Just in the alternative, there's the cell

9     site motion pending before the District Court.

09:00 10          THE COURT: Right, that's right.

11          Anything further, Mr. Smith?

12          MR. SMITH: No, your Honor.

13          THE COURT: Okay, thanks very much. We'll move on to

14     the next matter.

15          MR. DOWDEN: Thank you, your Honor.

16          THE COURT: Thank you.

17          (Court adjourned at 9:00 a.m.)

18                - - - - - - - - - - - -

19                       CERTIFICATION

20          I certify that the foregoing is a correct transcript

21     of the record of proceedings in the above-entitled matter to

22     the best of my skill and ability.

23

24     /s/Debra M. Joyce                    May 14, 2019
       Debra M. Joyce, RMR, CRR, FCRR       Date
25     Official Court Reporter